IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROOSEVELT BATTS, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS GIORLA, et al. | : | NO. 11-5947 |

**MEMORANDUM RE: PETITION FOR WRIT OF HABEAS CORPUS**

**Baylson, J.**                                                                                                          **July 26, 2012**

**I.     Introduction**

Petitioner Roosevelt Batts ("Batts"), proceeding pro se, filed a Petition for Writ of Habeas Corpus ("the Petition") under 28 U.S.C. § 2254.  (ECF No. 1.)  Batts is incarcerated pursuant to a violation of probation on an underlying conviction for felony sexual assault and misdemeanor simple assault against his off-and-on girlfriend, Shar-Ron Statan.

A police report[1] in the state court record reflects that in the early morning of July 24, 2003, Statan called the police alleging that she had been raped by Batts.  She claimed to have allowed him into her apartment under duress.  When police arrived at the scene, they interviewed Statan, who confirmed and provided details about the rape.  Batts, who remained asleep in the apartment, was awakened, arrested, and subsequently charged with a long list of offenses, including rape, kidnapping, sexual and simple assault, and other crimes.

---

[1] Aside from this police report, the record contains little information about the facts underlying Batts' conviction.  As will be explained infra, Batts' conviction was entered pursuant to a guilty plea and the record does not contain a transcript of the offer of proof or the allocution at the plea hearing.

1

On September 23, 2004, Batts pleaded guilty to sexual assault and simple assault pursuant to a plea agreement, and the other charges were dismissed. Immediately following the entry of his plea, the judge sentenced Batts principally to a term of 23 months' imprisonment, followed by two years of probation. Batts did not file a direct appeal or a PCRA petition.

On September 21, 2011, Batts filed a § 2254 Petition in this Court asserting four grounds for habeas relief: (1) that Batts' state trial judge had a conflict of interest in presiding over the case; (2) that the judge improperly pressured Batts into pleading guilty; (3) that Batts' counsel at the plea hearing was ineffective; and (4) that Batts was actually innocent of his crimes and has obtained new evidence to support his innocence. This Court referred the matter to Magistrate Judge Thomas J. Rueter for a Report and Recommendation ("R&R") on the merits of the Petition. In December 2011, Batts submitted a supplementary letter to Judge Rueter reiterating his innocence and attaching exhibits, including copies of multiple letters signed by Shar-Ron Statan (and one notarized letter) recanting her 2003 allegations of rape.

On January 18, 2012, Judge Rueter filed an R&R recommending that the Petition be dismissed as time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (ECF No. 9). Judge Rueter concluded that because Batts had filed his Petition on September 21, 2011—nearly seven years after his conviction became final on October 23, 2004—his Petition was untimely. Judge Rueter further determined that Batts was not eligible for statutory or equitable tolling; however, the R&R did not expressly consider the question of whether the AEDPA deadline should be equitably tolled based on Batts' claim of actual innocence.

On March 2, 2012, this Court issued an Order providing Batts with an extended deadline to file Objections, which he submitted on March 23, 2012.  (ECF No. 16)  The majority of Batts' Objections, construed liberally in his favor, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), do not properly object to or otherwise discuss the R&R's recommendation that his petition be dismissed as time-barred.  Rather, the Objections primarily elaborate on the merits claims raised in the original Petition.  Batts does, however, emphasize that he has obtained new evidence of his innocence that was not available at the time of his conviction—namely, the written recantations by Statan.  The Count interprets this argument as a claim that the AEDPA deadline should be equitably tolled based on Batts' actual innocence, rendering his Petition timely.  This Objection is addressed below.

## II.     Objection: Equitable Tolling Based on Actual Innocence

Neither the United States Supreme Court nor the Court of Appeals for the Third Circuit has held that the AEDPA statute of limitations may be tolled on the basis of actual innocence. See Horning v. Lavan, 197 Fed. App'x 90, 93 (3d Cir. 2006) (noting that the Third Circuit has yet to reach the question).  Other Courts of Appeals have reached different conclusions about the validity of actual innocence as grounds for equitable tolling.  Compare, e.g., Rivas v. Fischer, __ F.3d __, 2012 WL 2686117 (2d Cir. 2012) (recognizing actual innocence as a basis for equitable tolling), with, e.g., Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir. 2005) (rejecting same).  Even assuming, however, that the actual innocence exception to the AEDPA filing deadline is viable in our Circuit, Batts is not eligible for relief.

Equitable tolling is allowed only if a petition shows: "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." Holland v. Florida, 130 S. Ct. 2554, 2562 (2010) (internal quotation marks omitted). A petitioner pursuing equitable tolling due to actual innocence must meet a high standard: he must provide "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995); accord Teagle v. Diguglielmo, 336 Fed. App'x 209, 213 (3d Cir. 2009) (quoting same).

Here, Batts neither exercised due diligence nor offered the sort of evidence required under Schlup. First, the chronology of events in the case makes plain that Batts did not exercise reasonable diligence in uncovering the alleged evidence of his innocence and bringing it to the attention of the Court. Batts asserts in his habeas petition that Shar-Ron Statan, the complainant in his case, "visited [him] the whole time [he] was incarcerated." Petition at 13-14. The inmate visitor log he submitted as an exhibit bears this out: Statan visited him myriad times in 2004, 2005, 2006, 2008, and 2009 (Batts was out on parole in 2007, see Docket Sheet, Court of Common Pleas of Philadelphia County, No. CP-51-CR-0808051-2003, at 24). Batts further asserts that during these visits Statan informed him that the Assistant District Attorney involved in the case had forced her, under threat, to proceed with her accusations, and that she was engaged in a letter-writing campaign to various state and local authorities attesting to Batts' innocence.

Viewed from any angle, these facts are unfavorable to Batts. Batts claims he was innocent, but he did not think to notify the Court that Statan's 2003 accusations to police were false until the year 2011, despite spending years in close contact with her. Even if we assume that Batts considered such an effort futile in the absence of supporting evidence, his exhibits

4

include, among other things, a recantation letter by Statan notarized on June 9, 2007. Batts had ample opportunity to submit a habeas petition containing a copy of this letter—or even a petition simply reporting its existence—long before November 21, 2011, the date his Petition was filed. In sum, Batts has not demonstrated that he exercised the reasonable diligence necessary to qualify for equitable tolling. Such diligence is required with an actual innocence claim just as it with any other basis for tolling. See Horning v. Lavan, 197 Fed. App'x 90, 94 (3d Cir. 2006) (holding that, assuming arguendo that the Third Circuit recognizes actual innocence as a basis for equitable tolling, a defendant's "claim [will] nevertheless fail [if] he did not exercise reasonable diligence").

Furthermore, in the circumstances presented here, the recantation letters submitted by Batts are not sufficient to satisfy his heavy burden under Schlup, at least insofar as courts in our Circuit have interpreted that standard. The Third Circuit has repeatedly stated that courts should "view[] recantation testimony with great suspicion." Teagle v. Diguglielmo, 336 Fed. App'x 209, 213 (3d Cir. 2009) (internal quotation marks omitted); Landano v. Rafferty, 856 F.2d 569, 572 (3d Cir. 1988) (same).

In Teagle, for instance, the Third Circuit specifically declined to treat certain affidavits recanting trial testimony as "new and reliable evidence" of actual innocence. Teagle, 336 Fed. App'x at 213. The opinion in Teagle noted that such recantation was especially problematic where it involved an admission of perjury, but this distinction is of little help to Batts: Statan was prevented from testifying at trial because Batts pleaded guilty to his crimes (presumably under oath). Indeed, the fact that Batts admitted to his crimes must be weighed against Statan's recantations.

What is more, this Court has recently expressed skepticism about recantation testimony where, as here, the recanting victim was "the sole eyewitness to the crimes against her, [because] there is no way to verify the truthfulness of the [testimony]." Cicala v. Collins, 2011 WL 5924447, at *5 (E.D. Pa. Oct. 25, 2011) (Report & Recommendation), approved and adopted by Order of November 22, 2011, Docket No. 11-5013 (ECF No. 10) (Baylson, J.); see also Hussman v. Vaughn, 67 Fed. App'x 667, 669 (3d Cir. 2003) (holding that affidavits based on information that could not be confirmed were unreliable and inadequate to establish actual innocence). Accordingly, even assuming that actual innocence is a permissible grounds for equitable tolling, the Court is not persuaded that Batts is eligible for relief.

### III.    Conclusion

For the foregoing reasons, Batts' Objections to the R&R are overruled. The Court approves and adopts the R&R subject to this Memorandum's discussion of Batts' actual innocence claim. The Petition is dismissed as time-barred under AEDPA's one-year statute of limitations, and there is no basis for issuance of a certificate of appealability. An appropriate Order follows.

O:\CIVIL 11\11-5947 Batts v Giorla\Batts - Mem deny petition.wpd